UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DREW THOMPSON, ) | Case No. C07-549-JLR-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MR. FLEMING, et al., ) | |
| Defendants. ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Drew Thompson, an inmate at the Monroe Correctional Complex in Monroe, Washington, is proceeding *pro se* and *in forma pauperis* in his attempt to bring this 42 U.S.C. § 1983 civil rights lawsuit against the Washington State Department of Corrections ("DOC"), the Secretary of the DOC, the Warden of the DOC, and a DOC prison guard. On June 9, 2007, this Court granted plaintiff's amended IFP application, see Dkt. Nos. 9, but declined to serve the lodged complaint due to several specified deficiencies. Dkt. No. 11. The Court granted plaintiff leave to correct these deficiencies and file an amended complaint by July 18, 2007. *Id.* This deadline was later extended by forty days. Dkt. No. 13. Plaintiff has filed an amended complaint, see Dkt. No. 14, but has failed to cure the deficiencies outlined by the Court. Accordingly, the Court recommends that plaintiff's amended complaint be DISMISSED without prejudice.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action if, among other things, it is frivolous or if the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Rule 8(a) of the Federal Rules of Civil Procedure requires plaintiffs to submit a complaint "which sets forth . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to state a claim for relief under § 1983, a plaintiff must assert that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *See WAX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc). This requires the plaintiff to allege facts showing how a *specific* individual violated a *specific* right, causing the harm alleged in the plaintiff's complaint. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Additionally, although local government units can be sued as "persons" under § 1983, they cannot be held responsible for the acts of their employees under a theory of *respondeat superior*. *See, e.g.*, *Collins v. City of Hacker Heights*, 503 U.S. 115, 122 (1992); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Rather, a § 1983 plaintiff must demonstrate that the alleged constitutional deprivation was the result of a "policy or custom" of the local government unit. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell*, 436 U.S. at 690-91.

For reasons identical to those set out in the Court's previous Order, see Dkt. No. 11 at 2-4, plaintiff has once again failed to allege sufficient facts to place defendants on notice of the nature of his claims, or to otherwise provide any basis for jurisdiction in this Court. *See* Fed. R. Civ. P. 8(a).

01  First, plaintiff's amended complaint provides no short and plain statement showing how
02 a *specific* individual violated a *specific* right, causing the harm alleged in his complaint.  *See,*
03 *e.g.*, *Arnold*, 637 F.2d at 1355.  Second, his suit for monetary damages against the DOC runs
04 afoul of the Eleventh Amendment, which bars federal courts from entertaining suits brought by
05 private parties against a state or its instrumentalities absent consent, waiver, or congressional
06 abrogation.  *See Tennessee v. Lane*, 541 U.S. 509, 517-19 (2004); *see also Will v. Michigan*
07 *Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that Congress did not abrogate the
08 states' sovereign immunity by enacting § 1983, and that a state, state agencies, or state officials
09 acting in their official capacities are not "persons" amenable to suit under § 1983).  Third, his
10 claim regarding the confiscation of property fails to set forth sufficient facts or argument
11 demonstrating that the defendants' conduct implicates any federal constitutional concerns.  *See*
12 *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Fourth and finally, plaintiff has failed to
13 demonstrate that the alleged property deprivation was the result of an unconstitutional "policy
14 or custom" of the DOC or Monroe Correctional Complex.  *Monell*, 436 U.S. at 690-91.

15  The Court advises plaintiff of his responsibility to research the facts and law before
16 filing an action to determine whether his action is frivolous.  If he files a frivolous action, he
17 may be sanctioned.  *See* Fed. R. Civ. P. 11.  If plaintiff files numerous frivolous or malicious
18 actions, the court has the authority to bar him from proceeding on an IFP basis in the future.
19 *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order
20 requirements).
21 //
22
23
24
25
26

REPORT AND RECOMMENDATION
PAGE – 3

## III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's amended complaint and this case be DISMISSED without prejudice. Accordingly, plaintiff's "Motion for Extension of Time to Secure Files from Freedom of Information" (Dkt. No. 15) is DENIED as moot. A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this 28th day of November, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge